No. ——

First Circuit

NESON v. WATTS

(June 26, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Partnership—Par. 8, 58.**

A business that was to be run for the joint profit of two partners on a fifty-fifty basis after one of the partners had recouped himself for his advances in money is a commercial partnership under Article 2811 of the Civil Code.

2. **Louisiana Digest—Partnership—Par. 58, 82, 83.**

Commercial partners are each liable in solido for the debts of the partnership.

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

Action by Frank A. Neson against Pearlie Watts. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dewey J. Sanchez, of Baton Rouge, attorney for plaintiff, appellee.

Warren O. Watson, of Baton Rouge, attorney for defendant, appellant.

MOUTON, J. Plaintiff sold groceries to the Blue Bird Tea Room a restaurant business in the City of Baton Rouge. He claims that Pearlie Watts, defendant, was a partner in the business with Robert R. Bridges. As the Blue Bird Tea Room has no assets, he brings this suit for a balance of $192.72 against Pearlie Watts claiming he is responsible for that amount as a commercial partner.

Judgment was rendered for that sum against Watts who appeals.

Bridges testifies that he was a partner of Watts in the restaurant. He says defendant was to furnish the money to run the business, the exact amount he does not remember; that the amount so furnished was to be paid from the profits, after that the firm was to pay him his salary, and that the profits above the operating expenses were to be divided equally between them. The salary, it appears, was not fixed, but it was understood it was to be paid Bridges to operate the Blue Bird restaurant which, however, did not prove a profitable venture. The defendant gives a different version of the contract. He says, he loaned defendant $200.00 which were to be repaid him in monthly instalments by defendant, but that there was no partnership.

Neson, plaintiff, says before the restaurant was opened defendant inquired of him as to whether Bridges could be trusted with money, and as to his fitness to operate a business of the character in question. His answer was that he thought he was well qualified to run a restaurant successfully. Schienuk, owner of the building where the restaurant was operated, says he rented it to Watts and Bridges. On the other hand, Stephenson, a witness for defendant, says he sold furniture for the Blue Bird restaurant to Bridges, and carried the account against Bridges, individually.

The district judge evidently believed that

the contract had been made by the parties as was testified to by Bridges. The inquiry by defendant of plaintiff as to the trustworthiness of Bridges and as to his qualifications to run a restaurant coupled with the proof that the building had been leased to defendant and Bridges, naturally leads to the conclusion that those parties had entered into a partnership as was testified to by Bridges who has no apparent interest in the outcome of this case, and as testified by him, appeared reluctantly as a witness and only at the request of the plaintiff.

With corroborating facts of that character it is not for us to say that the trial judge should have taken the denial of the defendant as true. We believe that the district judge properly accepted the version of the agreement as sworn to by Bridges. According to his version of the contract, no doubt, the business was to be run for the joint profit of defendant and Bridges on a fifty-fifty basis after defendant had recouped himself for his advances in money. This agreement constituted a partnership. C. C. 2811; Robertson vs. De Lizardi, 4 Rob. 300; Chaffraix & Agar vs. Price, Hine & Tupper, 29 La. Ann. 176.

It is true it does not appear that the parties, in their agreement, made any stipulation as to the proportion of the expenses and losses that might be incurred in the management of the business, but this was immaterial because the law provides therefor in the absence of such a regulation by the parties. C. C. 2813.

Counsel for defendant cites the case of Shushan Bros. and Co. vs. Drennan and Hillcoat, 158 La. 480, 104 South. 214. That case is essentially different from the present case which is governed by the articles of the code, and decisions above cited.

Defendant was correctly held responsible for the debt as a commercial partner.